UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| VINCENT TORRE and <br> LYNN TORRE, <br>        Plaintiffs <br> v. <br> MAINE DEPARTMENT OF <br> HEALTH AND HUMAN <br> SERVICES et al., <br>        Defendants | ) ) ) ) ) ) ) ) ) ) ) ) )    No. 2:25-cv-00127-NT |

## RECOMMENDED DISMISSAL

In their pro se complaint, Vincent and Lynn Torre bring civil rights claims against the Maine Department of Health and Human Services (DHHS) and several DHHS Child Protective Services caseworkers. *See* Complaint (ECF No. 1) at 1. The Torres request, among other things, that this Court immediately return their minor children to their custody, enjoin DHHS from any further interference with their parental rights, and award them punitive damages. *See id.* at 4. The Torres did not pay the filing fee or apply to proceed *in forma pauperis* (IFP).

Rather than ordering the Torres to pay the filing fee or file an IFP application, I recommend that the Court exercise its inherent authority and **DISMISS** their complaint. *See Mallard v. U.S. Dist. Ct.*, 490 U.S. 296, 307-08 (1989) ("[28 U.S.C. § 1915(e)] . . . authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt that they would have power to do so even in the absence of this statutory provision."). DHHS, as a state agency, is immune from suit. *See Gilbert v. Maine*

1

*Dep't of Health & Hum. Servs.*, No. 2:24-cv-00372-JAW, 2025 WL 953711, at *1 (D. Me. Mar. 31, 2025) (noting that the Maine DHHS "is immune from suit in this Court under the doctrine of sovereign immunity").  Even with a liberal reading of their complaint, the Torres have not alleged sufficient facts to state a claim against the individual DHHS caseworkers.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Finally, this Court must abstain from interfering with ongoing child protection proceedings and, in any event, lacks the authority to return the Torres' children to their custody.  *See Malachowski v. City of Keene*, 787 F.2d 704, 708-09 (1st Cir. 1986) (affirming a federal district court's "decision to abstain on the injunctive aspects" of a complaint seeking return of a child from state custody "to avoid federal court interference in an area of predominant state concern"); *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992) (holding that the "domestic relations exception . . . divests the federal courts of power to issue divorce, alimony, and child custody decrees").

### *NOTICE*

*A party may file objections to those specified portions of a Magistrate Judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the District Court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof.  A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the District Court and to appeal the District Court's order.*

Dated: April 7, 2025

/s/ Karen Frink Wolf
United States Magistrate Judge